UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARITY SERVICES, INC.,

    Plaintiff,

v.                                                              Case No.: _____

DEAN BARNEY,

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND DEMAND FOR JURY TRIAL**

The Plaintiff, CLARITY SERVICES, INC., by and through its undersigned counsel, sues the Defendant, DEAN BARNEY, and as grounds therefor states:

**NATURE OF THE ACTION**

1.    This is an action for damages suffered by the Plaintiff all as a result of wrongful conduct by the Defendant in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), breach of duty of loyalty, conversion, and fraudulent misrepresentation.

**PARTIES, JURISDICTION, AND VENUE.**

2.    Clarity Services, Inc. ("Clarity Services") is a Delaware corporation with its principal office location in Clearwater, Florida.

3.    Dean Barney ("Barney") is a former employee of Clarity Services. Upon information and belief, Barney is a resident of Utah, and currently works for CL Verify, LLC. CL Verify, LLC ("CL Verify") is a Florida limited liability company with its principal place of business in Largo, Florida.

4. On information and belief, Barney is subject to personal jurisdiction in the State of Florida because, upon information and belief, he regularly travels to and conducts, engages in, or carries on a business or a business venture in the State of Florida. In addition, on information and belief, Barney is subject to the jurisdiction of this Court under Fla. Stat. § 48.193(1) because he committed various tortious acts in the state of Florida.

5. On information and belief, Barney has sufficient minimum contacts with the State of Florida such that maintenance of this action will not offend the traditional notions of fair play and substantial justice and Barney could reasonably anticipate being brought before this Court for the adjudication of this dispute.

6. This Court has jurisdiction of the subject matter of this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States, specifically 18 U.S.C. § 1030. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## FACTS COMMON TO ALL COUNTS.

7. Clarity Services is a start-up venture for the purpose of developing a credit bureau.

8. Clarity Services is partially owned and operated by Timothy Richard Ranney ("Ranney").

9. Ranney is the former Chief Operating Officer for CL Verify and knew Barney from his employment with CL Verify.

10. On or about April 16, 2008, Barney placed a phone call Mr. Ranney, who had left CL Verify. At that time, Mr. Ranney was no longer employed by CL Verify. During their phone conversation, Barney represented to Mr. Ranney that he ("Mr. Barney") had resigned from CL

Verify on April 11, 2008. Mr. Barney made this false representation to Clarity Services in an e-mail message directed to Mr. Ranney.

11. On or about May 7, 2008, Clarity Services hired Mr. Barney as the full-time Director of Analytics at an annual salary of approximately $240,000/yr. In this capacity, Mr. Barney was responsible for, among other things, developing new methods to automate and expand regular reporting tasks and converting data into actionable modeling algorithms using internal and external performance data.

12. Upon information and belief, at all times relevant, and while employed full-time by Clarity Services, Barney never resigned from CL Verify and continued to work as a full-time employee for CL Verify.

13. Certegy Check Services, Inc., ("Certegy") develops and administers databases that store information pertaining to check and electronic payment transactions.

14. Clarity Services had been negotiating with Certegy to provide it with data pertaining to check and electronic payment transactions. Clarity intends to compile reports, using the information obtained from Certegy as well as information from other internal and external sources.

15. Clarity Services intends to maintain records, documents, and data on its computer network which will constitute confidential business information.

16. Clarity Services' confidential business information will provide it with a competitive advantage over other companies who lack such information.

17. Clarity Services' computer network will include access to its account with Certegy and information provided by Certegy to Clarity Services.

3

18. As Director of Analytics, Barney had control over and access to Clarity Services' computer network, including Clarity Services' dealings with Certegy.

19. On or about Tuesday, September 30, 2008, Mr. Ranney called the Defendant Mr. Barney and asked him why he had attended an out-of-state office meeting with CL Verify. Mr. Barney did not offer an explanation and instead resigned effective immediately from Clarity Services.

20. On or about Friday, October 3, 2008, without the knowledge or consent of Clarity Services and while no longer employed by Clarity Services, Barney accessed Clarity Services' computer network and requested information from Certegy, without disclosing to Certegy that he (Mr. Barney) was no longer employed by Clarity Services.

21. On or about Friday, October 3, 2008, without the knowledge or consent of Clarity Services and while no longer employed by Clarity Services, Barney accessed Clarity Services' computer network and inappropriately transferred and converted Clarity Services' confidential business information, including the information obtained from Certegy in response to his unauthorized request on or about October 3, 2008, for his own personal gain or that of his current employer.

22. Throughout Barney's employment (and to date), Clarity Services took (and continues to take) reasonable steps to protect its confidential business information including, but not limited to, maintaining an access-restricted computer network.

## COUNT I

### VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

23. Clarity Services repeats and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

24. This is an action for the Defendant Mr. Barney's violation of the Computer Fraud and Abuse Act, as amended by the Computer Abuse Amendments Act of 1994, 18 U.S.C. § 1030.

25. The Defendant Mr. Barney violated 18 U.S.C. § 1030(a)(2) in that he intentionally accessed Clarity Services' computer system without authorization, and thereby obtained confidential business information from a protected computer in interstate commerce. Further, Barney had the intent to engage in this unlawful conduct through his unauthorized computer access.

26. As a direct and proximate result of the above-alleged acts and conduct by the Defendant Mr. Barney, Clarity Services has suffered a loss of at least $5,000. Clarity Services damages include diagnostic examination of its computer system to ascertain the full extent of compromised and impaired information, as well as losses for responding to the above-alleged acts and conduct of Barney.

27. By reason of Barney's acts and conduct, Clarity Services is suffering and will continue to suffer immediate and irreparable harm.

28. Clarity Services is likely to succeed on the merits of its claims against Barney. Clarity Services is without adequate remedy at law for the injuries it continues to sustain resulting from Barney's acts and conduct.

WHEREFORE, Clarity Services requests that this Court enter judgment in its favor against Barney and:

    a. enjoin Barney as set forth in 18 U.S.C. § 1030(g) from using or disclosing information and/or data obtained from Clarity Services through unauthorized

acces to Clarity Services' computer systems in violation fo the Computer Fraud and Abuse Act;

b. require Barney to return to Clarity Services all of its property, including all information or tangible items in whatever form, and all copies or derivatives thereof, reflecting or containing Clarity Services' confidential business information;

c. award Clarity Services damages; and

d. grant such other and further relief as this Court deems just and proper.

## COUNT II

### BREACH OF EMPLOYEE DUTY OF LOYALTY

29. Clarity Services repeats and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

30. As an employee of Clarity Services, Barney owed Clarity Services a duty of loyalty.

31. Upon information and belief, Barney breached his duty of loyalty to Clarity Services by engaging in the following activities while still employed by Clarity Services:

    a. working for DP Bureau or CL Verify;

    b. Performing work or engaging in other activities to benefit DP Bureau or CL Verify, or personally benefit himself; and

    c. deliberately and unlawfully using information gained in his position as Director of Analytics to access Clarity Services' computer system, including Clarity Services' relationship with Certegy, to obtain Clarity Services' confidential business information.

32. Barney's breach of duty of loyalty was intentional, willful, wanton, and in reckless disregard for the rights of Clarity Services.

WHEREFORE, Clarity Services respectfully requests that this Court enter judgment in its favor and against Barney, awarding it damages and grant such other and further relief as this Court deems just and proper.

## COUNT III

## CONVERSION

33. Clarity Services repeats and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

34. Clarity Services' confidential business information, including that obtained from Certegy, constitutes valuable property belonging to Clarity Services.

35. Upon information and belief, Barney intentionally removed confidential and proprietary information from Clarity Services' computers system without authorization.

36. Barney's unauthorized conduct in obtaining and/or possessing Clarity Services' confidential business information is an act of dominion wrongfully asserted over Clarity Services' property that is inconsistent with Clarity Services' ownership thereof.

37. Barney's unauthorized conduct has deprived Clarity Services of its property permanently or for an indefinite time.

38. Barney does not own or have any interest in Clarity Services confidential business information.

WHEREFORE, Clarity Services respectfully requests that this Court enter judgment in its favor and against Barney, awarding it damages -- including compensatory, consequential, incidental and special damages -- and pre and post judgment interest resulting from Barney's

actions, and awarding Clarity Services its costs incurred in prosecuting this action and grant such other and further relief as this Court deems just and proper.

## COUNT IV

## **FRAUDULENT MISREPRESENTATION**

39. Clarity Services repeats and incorporates herein by reference the allegations set forth in paragraphs 1-22 above.

40. Barney falsely asserted that he no longer worked for DP Bureau or CL Verify.

41. Barney knew this information was false at the time he provided it to Ranney and he further knew that it was material to Ranney's decision to hire him.

42. Barney intended to deceive Ranney in order to gain employment with Clarity Services.

43. As a result of Barney's fraudulent assertion, Clarity Services was induced to hire him as Director of Analytics.

44. Clarity Services would not have hired Barney if it knew that Barney still worked for DP Bureau or CL Verify.

45. As a direct and proximate result of Barney's fraudulent assertion, Clarity Services has been damaged in an amount that includes compensation and benefits Clarity Services paid to Barney during his employ.

WHEREFORE, Clarity Services respectfully requests that this Court enter judgment in its favor and against Barney, awarding it damages – including compensatory, consequential, incidental and special damages – and pre and post judgment interest resulting from Barney's actions, and awarding Clarity Services its costs incurred in prosecuting this action and grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, CLARITY SERVICES, LLC, by and through it undersigned counsel, and pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury of all issues tr14iable of right by jury.

Dated this 14th day of November, 2008.

Respectfully submitted,

Richard G. Salazar
Florida Bar No. 899615
Fowler White Boggs Banker P.A.
501 East Kennedy Boulevard, Suite 1700
Post Office Box 1438
Tampa, FL 33602
Telephone: (813) 222-1142
Fax: (813) 229-8313
rsalazar@fowlerwhite.com

40472120