UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLARITY SERVICES, INC.**

    **PLAINTIFF,**

vs.                                                **CASE NO.:  8:08-cv-02278-SDM-TBM**

**DEAN BARNEY,**

    **DEFENDANT.**

_____/

## DEFENDANT'S MOTION IN LIMINE

COMES NOW Defendant Dean Barney, by and through his undersigned counsel and pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence, hereby moves this Court to ender an Order in Limine precluding any evidence, argument, or reference by Plaintiff in the presence of the jury concerning: (1) any role Defendant had at CL Verify and compensation paid to Defendant by CL Verify; (2) Plaintiff's previously asserted theory that it is owed Defendant's entire salary as damages; and (3) any testimony regarding the laptop Defendant used while employed by Clarity due to spoliation of the evidence.

**I.**

## PRELIMINARY STATEMENT

Clarity Services, Inc. ("Plaintiff" or "Clarity") has brought a four-count complaint against a former employee, Defendant Dean Barney ("Defendant" or "Barney") alleging (1) violation of the Computer Fraud and Abuse Act ("CFAA"); (2) breach of employee duty of loyalty; (3) conversion; and (4) fraudulent misrepresentation.

In order to prevail on these claims, Plaintiff must prove:

| | |
|---|---|
| CFAA | (1) Defendant intentionally accessed a computer;<br>(2) without or exceeding authorization;<br>(3) obtained information from that computer; and<br>(4) caused a loss of $5000 to Clarity. |
| Duty of Loyalty | (1) the existence of a fiduciary duty;<br>(2) the breach of that duty; and<br>(3) damage proximately caused by that breach. |
| Conversion | (1) Defendant committed an unauthorized act<br>(2) depriving Plaintiff of property permanently or for an indefinite time; and<br>(3) the deprivation is inconsistent with Defendant's ownership interest in the property. |
| Fraudulent Misrepresentation | (1) a false statement concerning a material fact;<br>(2) the representor's knowledge that the representation is false;<br>(3) an intention that the representation induced another to act on it; and<br>(4) consequent injury by the party acting in reliance on the representation. |

18 U.S.C. §1030; *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002); *Estate of Villanueva ex rel. Villanueva v. Youngblood*, 927 So.2d 955 (Fla.2d DCA 2006); *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985).

## II.

### ARGUMENT

Under Rules 401, 402 and 403 of the Federal Rules of Evidence, in order for evidence to be admissible, it must be relevant, and its prejudicial effect, including undue delay and unnecessary cumulative effect, must not substantially outweigh its probative value. *See United States v. Jamil*, 707 F.2d 638, 644-645 (2d. Cir. 1983); *see also Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299, 302 (11th Cir.1989), *cert. denied,* 503 U.S. 971, 112 S. Ct. 1587, 118 L. Ed. 2d 305 (1992). Relevant evidence is evidence having any tendency to make the existence of any

fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed.R.Evid. 401.

A.   **Plaintiff Should Not Be Permitted To Inquire About Defendant's Employment With CL Verify.**

It appears that Clarity intends to offer testimony from three individuals involved in CL Verify: Grady Reynolds, Joseph Bartholomew, and the Chief Executive Officer of CL Verify, Kim Anderson. Further, based upon the deposition questions, it appears that Clarity intends to ask Barney a number of questions about his employment with CL Verify, including questions as to his duties and compensation. These inquiries should not be permitted.

For the duration of Barney's employment, Clarity has admitted that it was not a competitor of CL Verify. [Ketelsen: 9-10]. Clarity did not do any business with any customers of CL Verify and did not intend to do any business with any customers of CL Verify. [Ranney: 85]. As of October 4, 2008, when Dean Barney left Clarity, Clarity had no customers and no product. [Ketelsen: 43-44; Barney 148]. In fact, Clarity did not have its first sale until late March or early April of 2009. [Ketelsen: 44]. Barney did not have a trade secret agreement or employment contract with Clarity. [Ranney: 81; Barney: 115, 121, 181].

Therefore, any role Barney had at CL Verify is irrelevant to Clarity's claims. Barney was free to work at another company (and certainly a non-competing one) in addition to his role at Clarity. Any evidence regarding his role at CL Verify is therefore irrelevant and will be unduly prejudicial if it is presented to a jury. This evidence includes the testimony of Grady Reynolds, Kim Anderson, and Joe Bartholomew.

Similarly, any evidence regarding the compensation Barney received from CL Verify should be excluded as irrelevant and unduly prejudicial. Any probative value it has is far

exceeded by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Rule 403.

B.     **Plaintiff Should Be Prohibited From Arguing That It Can Recover Compensation It Paid To Barney.**

Plaintiff apparently intends to argue that it is entitled to recover the salary it paid to Barney as damages in its breach of duty of loyalty and fraudulent misrepresentation claims. Plaintiff has failed to support this position with any case law that would permit for the recovery of these types of damages. The simple fact that Defendant may have held two roles at two non-competing companies does not support this theory. Defendant has been unable to locate any Florida case law supporting a claim for breach of a fiduciary duty against an employee who held two separate roles in two non-competing companies where all work is completed as requested.[1]

There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable. *Casey v. Welch*, 50 So.2d 124 (Fla. 1951); *National Aircraft Services, Inc. v. Aeroserv International, Inc.*, 544 So.2d 1063 (Fla. 3d DCA 1989); *National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc.*, 362 So.2d 338 (Fla. 4th DCA 1978).

Allowing Plaintiff to present a theory to a jury which does not involve any actual damages suffered by Plaintiff would be very misleading and result in confusion of the issues. Rule 403, FED.R.EVID., mandates exclusion of evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

---

[1] Additionally, there is a strong argument that federal law would prohibit the type of salary recovery sought by Clarity. The Fair Labor Standards Act (FLSA) defines a salary as payment "not subject to rendition because of variations in the quality or quantity of the work performed." 29 C.F.R. 541.602. Clarity agreed to pay Barney a salary. Barney performed his duties and collected his salary. Even if he spent other parts of his days "moonlighting," he is still entitled to his full salary. Failure to pay Barney his full salary would represent a violation of the FLSA.

the jury." Damage is an element of the claim[2] and Plaintiff should not be permitted to present this theory of damages without any legal support. Plaintiff must present a valid theory of damages to prove that it has been damaged by any breach of fiduciary duty.

Likewise, the fact that Defendant was receiving two paychecks at the same time is a fact that does not prove or disprove any element in any claim, but is likely to prejudice and mislead the jury. Defendant's compensation is irrelevant. The amount he received from Clarity (or from CL Verify) should not play a factor in any decision the jury makes.

**C.    Any Evidence Related to the Computer Defendant Returned Should Be Excluded Due to Spoliation.**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Graff v. Baja Marine Corp.*, 310 Fed. Appx. 298, 301 (11th Cir. 2009) (excluding test results and imposing sanctions where plaintiffs spoliated the evidence). Litigation between the parties was reasonably foreseeable. Clarity and CL Verify were already involved in litigation.

Malcolm Jamieson, the computer expert retained by Plaintiff, testified that the drive in question had been restored on October 27, 2008, after the computer was in the possession of Clarity. [Jamieson: 41, 47, 49; Ranney: 88-89]. This restoration has prevented Defendant from conducting any forensic analysis. Plaintiff should have known that litigation was likely at the time that it restored the computer and deprived Defendant of any chance to rebut Plaintiff's testimony regarding the computer. Therefore, Plaintiff should be prevented from making any claims about this computer.

---

[2] A claim of a breach of fiduciary duty has three elements: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *Gracey v. Eaker*, 837 So.2d 348, 353 (Fla. 2002).

### III.

### CONCLUSION

As set forth in more detail above, Defendant requests that the Court enter an Order in Limine precluding Plaintiff from presenting any evidence, argument, or reference in the presence of the jury concerning (1) Plaintiff should not be permitted to inquire about Defendant's employment with CL Verify; (2) Plaintiff should be prohibited from arguing that it can recover compensation it paid to Barney; and (3) any evidence related to the computer Defendant returned should be excluded due to spoliation.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@ksblaw.com
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the CM/ECF system this 20th day of January 2010 to:

Cody Fowler David
cfd@davis-harmon.com
Christopher T. Abrunzo
ca@davis-harmon.com
Davis & Harmon, P.A.
110 North 11th Street, 2nd Floor
Tampa, FL 33602
813-222-3600

/s/ Ryan D. Barack
**Attorney**