**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CLARITY SERVICES, INC.**

    **PLAINTIFF,**

**vs.**                             **CASE NO.:  8:08-cv-02278-SDM-TBM**

**DEAN BARNEY,**

    **DEFENDANT.**

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE RELATED TO TIMOTHY RANNEY INJUNCTION**
**AND ANY EVIDENCE PRIOR TO APRIL 2008**

    COMES NOW Defendant Dean Barney, by and through his undersigned counsel, and hereby responds to Plaintiff's First Motion in Limine to Exclude Evidence Related to Timothy Ranney Injunction and Any Evidence Prior to April 2008.

    In its motion in limine Plaintiff seeks to exclude evidence of an injunction entered against Timothy Ranney ("Ranney"), Clarity, Inc's ("Clarity") Chief Executive Officer during the relevant time period and "any occurrence prior to April 2008."  This motion should be denied because the injunction against Ranney is relevant and not unduly prejudicial and the prohibition on referencing "any occurrence prior to April 2008" is so overbroad that it cannot feasibly be applied.

    On April 22, 2009, a temporary injunction was entered against Ranney in the Sixth Judicial Circuit in and for Pinellas County, Florida.  This injunction was the result of lengthy and contentious proceedings.  On November 13, 2009, the Second District Court of Appeal affirmed this ruling.  This injunction was directly related to Ranney's actions in setting up Clarity in

breach of his employment agreement with DP Bureau/CL Verify.  The instant litigation is an attempt by Clarity to retaliate against Barney and try to gain some leverage in the litigation pending between DP Bureau/CL Verify and Clarity.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Fed.R.Evid. 401.  The existence of the injunction against Ranney is clearly relevant to this litigation.  Further, Clarity's motivation for pursuing this litigation is relevant to Clarity's claims and Barney's affirmative defense of unclean hands.  *See Cable Holdings of Georgia, Inc. v. Home Video, Inc*., 825 F.2d 1559, 1564, n. 7 (11th Cir. 1987)(trial court did not error in admitting evidence of other litigation to show motivation of plaintiff).

The attempt to place an artificial time limitation on evidence is improper.  An across-the-board prohibition on reference to "any occurrence prior to April 2008" would be virtually impossible to apply.  For example, witnesses could risk contempt for referencing things as benign as their education or prior employment because these would constitute "occurrences prior to April 2008."

Even if read more narrowly to only apply to Clarity, excluding "any occurrence prior to April 2008," is still improper.  The history behind the formation of Clarity, which occurred prior to April 2008 and while Ranney was still working for DP Bureau/CL Verify, is relevant to the allegations Plaintiff has brought forth in the present case and Barney's affirmative defenses.  The history of Ranney's interactions with Barney can help illustrate why Barney's later interactions with Barney occurred as they did.  In addition, virtually all of the employees of Clarity and Barney worked together prior to April 2008.  These interactions will also provide an important part of the defense of Barney.

2

Simply put, a complete bar to the introduction of evidence relating to events that occurred prior to April 2008 would unduly prejudice Barney's ability to present his defense at trial. Similarly, the injunction entered against Ranney is relevant and not unduly prejudicial to Clarity and should be considered by the jury.  Therefore, Plaintiff's Motion should be denied.

Respectfully submitted,

/s/ Ryan D. Barack
Ryan D. Barack
Florida Bar No. 0148430
rbarack@ksblaw.com
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the CM/ECF system this 3rd day of February 2010 to:

Cody Fowler Davis
cfd@davis-harmon.com
Christopher T. Abrunzo
ca@davis-harmon.com
Davis & Harmon, P.A.
110 North 11th Street, 2nd Floor
Tampa, FL 33602
813-222-3600

/s/ Ryan D. Barack
**Attorney**